UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MOHAMED AHMED ALI,<br><br>  Plaintiff,<br><br>v.<br><br>TRANSUNION RENTAL SCREENING SOLUTIONS, LLC,<br><br>  Defendant. | Case No. 25-CV-00583 (ECT/JFD)<br><br><br>ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT |

Plaintiff Mohamed Ahmed Ali brings this action under the Fair Credit Reporting Act against Defendant TransUnion Rental Screening Solutions, LLC ("TransUnion"), the corporation responsible for the tenant screening report at issue in this case.[1] The parties are currently in discovery, and this matter is before the Court on Mr. Ali's Motion for Leave to File a First Amended Complaint. (Dkt. No. 27.) Mr. Ali filed the Motion on May 2, 2025, and TransUnion replied on May 7, 2025. (Def.'s Mem. in Opp., Dkt. No. 28.) The Court took the motion under advisement on the papers on May 19, 2025. For the reasons set forth below, the Motion is granted.

---

[1] According to the Complaint, tenant screening reports are "consumer reports also known as background checks[] on prospective tenants used to determine whether a prospective tenant was eligible to rent an apartment unit." (Compl. ¶ 22, Dkt. No. 1.)

## BACKGROUND

I.   **Allegations in the Original Complaint**

On or about February 14, 2024, Mr. Ali completed and submitted a rental application to Pathlight Property Management ("Pathlight"), which contracted with TransUnion to obtain tenant screening reports. (Compl. ¶¶ 21-22, Dkt. No. 1.) Soon after that, TransUnion sent a tenant screening report about Mr. Ali to Pathlight. (*Id.* ¶ 23.) The tenant screening report included thirty-seven criminal records, none of which were properly associated with Mr. Ali. (*Id.* ¶ 23.) Pathlight subsequently denied Mr. Ali's rental application due to the content of the tenant screening report provided by TransUnion. (*Id.* ¶ 33.) On March 11, 2024 and March 22, 2024, Mr. Ali received copies of the tenant screening report and saw the errors in the criminal records section of the report. (*Id.* ¶ 39.)

Mr. Ali filed this action on February 13, 2025, claiming damages resulting from the denied rental application and inaccurate criminal records. (Compl., Dkt. No. 1.) His complaint alleges violations of 15 U.S.C. § 1681e(b) for Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy. (*Id.* ¶¶ 51-54.)

II.   **Mr. Ali's Motion for Leave to File a First Amended Complaint**

Mr. Ali's motion to amend was timely filed on May 2, 2025, the deadline set for such motions in the Court's pretrial scheduling order. (Pretrial Scheduling Order 3, Dkt. No. 17.) His motion seeks "to add critical and relevant factual allegations related to his claims against Defendant" arising out of information identified during discovery. (Pl.'s Mem. in Supp. 1, Dkt. No. 24.) Mr. Ali seeks to amend his complaint to incorporate facts surrounding two reports published by TransUnion in November 2023. (*Id.* at 2–3.)

2

Specifically, Mr. Ali seeks to amend his complaint to include a claim that TransUnion published an inaccurate tenant screening report on November 8, 2023, which led to Mr. Ali being rejected by a different prospective landlord. (Pl.'s Mem. in Supp. Ex. B ¶¶ 19–27, Dkt. No. 25-2.) He also seeks to include a claim that TransUnion inaccurately included a November 26, 2023 inquiry in their consumer disclosure to Mr. Ali which belonged to a different consumer. (*Id.* ¶¶ 34–35.)

### III. Legal Standards

Under Rule 15 of the Federal Rules of Civil Procedure, after 21 days have passed since service of a responsive pleading, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Thus, Rule 15 is aimed at the prejudgment phase of litigation in which leave to amend "shall be freely given when justice so requires." *Id.* Regarding this liberal amendment standard, the Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

While "plaintiffs do not have an absolute or automatic right to amend," *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citations omitted), the Eighth Circuit has repeatedly held that a motion to amend may be denied only "if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir.

3

2008)). "[A] motion to amend should be denied on the merits 'only if it asserts clearly frivolous claims or defenses.'" *Becker v. Univ. of Nebraska at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999) (quoting *Gamma-10 Plastics, Inc. v. American President Lines, Ltd.,* 32 F.3d 1244, 1255 (8th Cir.1994), *cert. denied,* 513 U.S. 1198 (1995)).

## DISCUSSION

TransUnion contends that Mr. Ali should be denied leave to amend on the grounds that the amended complaint asserts mutually exclusive facts by claiming that Mr. Ali was looking to move in November 2023, while the original complaint claimed that Mr. Ali was looking to move in February 2024. (Def.'s Mem. in Opp. 5 Dkt. No. 28.) The argument fails. It is not mutually exclusive for Mr. Ali to claim he was looking for a new place to live both in November 2023 and that he was still looking in February 2024. While this alone is sufficient to decline TransUnion's argument and allow the amendment, the Court also observes that TransUnion seems to want the Court to conclude that Mr. Ali knew about the alleged false reporting in November and therefore should have pleaded the November denial originally. The Court, though, is not permitted to draw a conclusion about Mr. Ali's state of mind at this stage. *See, e.g.*, *ecoNugenics, Inc. v. Bioenergy Life Sci., Inc.*, 355 F.Supp.3d 785, 791 (noting that due to the liberal policy favoring amendment of pleadings, the court should indulge "all reasonable inferences in favor of allowing amendment").

TransUnion also contends that Mr. Ali's motion should be denied because the November 26, 2023 inquiry was improperly included in the disclosure that TransUnion delivered to Mr. Ali, and Mr. Ali's information was not actually disclosed to a third party in that report. (Def.'s Mem. in Opp. 4, Dkt. No. 28.) Even if the mistakenly disclosed tenant

4

screening report would not itself be independently actionable (the Court makes no determination as to that issue here), inclusion of that factual allegation is potentially relevant as indicative of the standards of TransUnion's procedures for ensuring accuracy.

An amended pleading is subject to the same procedural rules as an original pleading, and nothing in the Federal Rules of Civil Procedure prevents the inclusion of factual allegations which are not directly actionable. All the Rules require are a statement of the grounds for the court's jurisdiction, a short and plain statement of the claim, and a demand for the relief sought. Fed. R. Civ. P. 8(a); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If TransUnion believes that the claim relating to the November 26, 2023 inquiry is ultimately inactionable, the proper recourse would be to bring a motion to dismiss under Fed. R. Civ. P. 12. The Court finds that justice requires granting Mr. Ali's leave to amend his complaint and that his amended complaint easily clears Rule 15's liberal amendment standard.

## CONCLUSION

For all these reasons, **IT IS HEREBY ORDERED** that Mr. Alis' Motion for Leave to File Their First Amended Complaint (Dkt. No. 22) is **GRANTED**.

Date: June 9, 2025                                  *s/ John F. Docherty*
                                                    JOHN F. DOCHERTY
                                                    United States Magistrate Judge